DaJuan Williams #124345
Name and Prisoner/Booking Number

Arizona State Prison Complex - Eyman
Place of Confinement

P.O. Box 3400/SMU II
Mailing Address

Florence, Az. 85132
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

☐ FILED   ☒ LODGED

**Jul 01 2022**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

DaJuan W Williams,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) County of Yuma #2,
(Full Name of Defendant)

(2) Leon N. Wilmot, Sheriff of Yuma County

(3) Sgt. Robert Arreola #D-12,

(4) Ltr Michael Cooper #D-6,

Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV -22-1118-PHX-MTL (CDB)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

Jury Trial Demanded

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Yuma County Detention Center, Yuma, Arizona

Revised 3/11/16

1

550/555

1 of 28

5. Lts Duarte #D-5
6. Lts Gomez #D-3
7. Lts Guerrero #D-4
8. Lts. Oberosler
9. Captain Kelly D. Milner
10. Nurse Bianca Acosta, LPN
11. Nurse Kimberly Vargas, RN
12. Sgt. J. Ruelle #D-25
13. Sgt. W. Walker #D-21
14. DO M. Figueroa #D-98
15. DO J. Flores #D-42
16. Sgt. Cr Silva #D-29
17. Sgt. Marthaa Dominguez #D-61
18. Sgt. Eldee Harper, Jr., #D-11
19. Sgt. J. Hernandez #D-20
20. Sgt. Murray #D-92
21. SDO D. Perez #D-75
22. Sgt. Ramon Rendon #D-24
23. SDO Rivera
24. SDO Rodriguez #D-26
25. SDO Russom #D-80
26. Sgt. Saldaña #D-130
27. Sgt. Sanchez #D-16
28. Sgt. Ar Serna #D-28
29. SDO E. Villa #D-168
30. Sgt. Villarreal #D-17
31. Sgt. Yañez #D-30
32. Dr. Vernon Chavez, MD
33. Nurse Cyndy Cowan, LPN
34. Nurse Adrian J. Estrada, NP
35. Nurse Melissa Galinte, LPN
36. Medical Staff Wendy Lugo, BHC
37. Nurse Mitherard Nya Seuwa, RN
38. Nurse Stephtante Sedbel, LPN
39. Nurse Olivia Wilson, RN
40. SDO William Valdez #D-101
41. DO Mr Arvizo #D-180
42. DO Fonseca #D-88
43. Jorge Macias #D-158
44. DO Mesa #D-112
45. DO Perez-Surimtunto #D-170
46. DO Christopher Quintero #D-68
47. DO Sanchez (Classification officer Apr/May 2020)
48. Nurse Bermudes, LPN
49. Nurse Carol Boggs, RN
50. Nurse Tina Cox, LPN
51. Nurse Alex B. Esquivel, RN
52. Nurse Leah Ewing, RN
53. Nurse Magallon, LPN
54. Nurse Ribas, RN
55. Nurse Lauri Sanders, RN
56. Nurse Christina Smith, RN

2 of 28
1-A

57. NURSE Michael Sullivan, RN
58. DO J. Borbon #D-47
59. SDO Cavello #D-145
60. DO Gomez #D-47
61. DO Er Hand #D-65
62. DO Knight #D-138
63. DO Padilla #D-79
64. DO Or Ramirez #D-207
65. SDO Revelez #D-91
66. DO Er Cabrera #D-73
67. SDO Castillo #D-159
68. DO Covarrubias #D-175
69. DO Delgado #D-141
70. DO Del Valle #D-31
71. DO Jamillo #D-116
72. DO Lozano #D-103
73. DO Meakz #D-117
74. DO Gr Monge #D-169
75. DO Monteon #D-135
76. DO Munoz #D-54
77. DO Perez #D-163
78. DO Pueblo #D-202
79. DO Rodriguez #D-86
80. DO Rodriguez #D-181
81. DO Russom #D-90
82. SDO Tizcareno #D-60
83. DO Vargas #D-165
84. DO DeFritz Webb #D-34
85. DO Ar Zamba #D-58
~~86.~~
86. & or Trinity Services group Incorporated
87. 87. Contract Employee Laura Donnelly
88. 88. "DOES 1-50"

3 of 28
1-B

## B. DEFENDANTS

1. Name of first Defendant: _County of Yuma #2_. The first Defendant is employed
as: _County of the State of Arizona_ at _Yuma County Detention Center, City of Yuma_
(Position and Title)                                            (Institution)

2. Name of second Defendant: _Leon N. Wilmot_. The second Defendant is employed as:
as: _Sheriff of Yuma County_ at _Yuma County Sheriff's Office (YCSO)_.
(Position and Title)                                            (Institution)

3. Name of third Defendant: _Robert Arriola # D-12_. The third Defendant is employed
as: _Detention Officer (DO), Sergeant (Sgt.)_ at _Yuma County Detention Center (YCDC)_.
(Position and Title)                                            (Institution)

4. Name of fourth Defendant: _Michael Cooper # D-6_. The fourth Defendant is employed
as: _DO, Lieutenant (Lt.)_ at _YCDC_.
(Position and Title)                                            (Institution)

_( Continues on the following page)_

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? ___7___. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _DAJUAN WILLIAMS_ v. _Charles L. Ryan, et al._
      2. Court and case number: _CV10-2392-Phx-FJM(LOA)_.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Dismissed_

   b. Second prior lawsuit:
      1. Parties: _Dajuan C. Williams_ v. _Sgt. Mooney, et al._
      2. Court and case number: _CV16-4059-Phx-DGC (CDB)_.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Settled_

   c. Third prior lawsuit:
      1. Parties: _Dajuan Williams_ v. _Charles L. Ryan, et al._
      2. Court and case number: _CV17-1833-Phx-DGC (CDB)_.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Appealed_
         _Pending before 9th Circuit Court of Appeals, Nor 20-17507_

_( Continues on page 6)_

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

_4 of 28_

| # | Name | Dept | Title | Facility |
|---|------|------|-------|----------|
| 5 | Lto Dimpke #D-5 | DO | Lts | YCDC |
| 6 | Lto Gomez #D-3 | DO | Lts | YCDC |
| 7 | Lto Guerrero #D-4 | DO | Lts | YCDC |
| 8 | Lto Oberosler | DO | Lts | YCDC |
| 9 | Kelly Ds Milner | DO | Captain | YCDC |
| 10 | Bianca Acosta | YCDC Medical Staff | Licensed Practical Nurse (LPN) | YCDC |
| 11 | Kimberly Vargas | YCDC Medical Staff | Registered Nurse (RN) | YCDC |
| 12 | T. Ruelle #D-25 | DO | Sgt. | YCDC |
| 13 | W. Walker #D-24 | DO | Sgt. | YCDC |
| 14 | M. Figueroa #D-98 | DO | DO | YCDC |
| 15 | J. Flores #D-112 | DO | DO | YCDC |
| 16 | C. Silva #D-29 | DO | Sgt. | YCDC |
| 17 | Martha Dominguez #D-61 | DO | Sgt. | YCDC |
| 18 | Eldee Harper, Jr. #D-11 | DO | Sgt. | YCDC |
| 19 | J. Hernandez #D-20 | DO | Sgt. | YCDC |
| 20 | Sgt. Murray #D-92 | DO | Sgt. | YCDC |
| 21 | D. Perez #D-75 | DO | Senior Detention Officer (SDO) | YCDC |
| 22 | Ramon Reardon #D-24 | DO | Sgt. | YCDC |
| 23 | SDO Rivera | DO | SDO | YCDC |
| 24 | SDO Rodriguez #D-26 | DO | SDO | YCDC |
| 25 | SDO Russom #D-80 | DO | SDO | YCDC |
| 26 | Sgt. Saldana #D-130 | DO | Sgt. | YCDC |
| 27 | Sgt. Sanchez #D-116 | DO | Sgt. | YCDC |
| 28 | Sgt. A. Serna #D-23 | DO | Sgt. | YCDC |
| 29 | E. Villa #D-168 | DO | SDO | YCDC |
| 30 | Sgt. Villarreal #D-17 | DO | Sgt. | YCDC |
| 31 | Sgt. Yanez #D-30 | DO | Sgt. | YCDC |
| 32 | Vernon Chavez | YCDC Medical Staff | Medical Doctor | YCDC |
| 33 | Cyndy Cowan | YCDC Medical Staff | LPN | YCDC |
| 34 | Adrian J. Estrada | YCDC Medical Staff | Nurse Practitioner (NP)/provider | YCDC |
| 35 | Melissa Galaste | YCDC Medical Staff | LPN | YCDC |
| 36 | Wendy Lugo | YCDC Medical Staff | Behavioral Health Analyst/Clinician (BHC) | YCDC |
| 37 | M. Therand Nya Serna | YCDC Medical Staff | RN | YCDC |
| 38 | Stephanie Seibel | YCDC Medical Staff | LPN | YCDC |
| 39 | Olivia Wilson | YCDC Medical Staff | RN | YCDC |
| 40 | William Valdez #D-101 | DO | SDO | YCDC |
| 41 | Mr. Arutso #D-180 | DO | DO | YCDC |
| 42 | DO Fonseca #D-88 | DO | DO | YCDC |
| 43 | Jorge Macias #D-158 | DO | DO | YCDC |
| 44 | DO Mesa #D-112 | DO | DO | YCDC |
| 45 | DO Perez-Sarmiento #D-170 | DO | DO | YCDC |
| 46 | Christopher Quintero #D-68 | DO | DO | YCDC |
| 47 | DO Sanchez (Class officer Apr/May 2020) | DO | DO | YCDC |
| 48 | Nurse Bermudes | YCDC Medical Staff | LPN | YCDC |
| 49 | Caren Boggs | YCDC Medical Staff | RN | YCDC |
| 50 | Tina Cox | YCDC Medical Staff | LPN | YCDC |
| 51 | Alexis Esquivel | YCDC Medical Staff | RN | YCDC |
| 52 | Leah Ewing | YCDC Medical Staff | RN | YCDC |
| 53 | Nurse Magallon | YCDC Medical Staff | LPN | YCDC |
| 54 | Nurse Ribg | YCDC Medical Staff | RN | YCDC |
| 55 | Laura Sanders | YCDC Medical Staff | RN | YCDC |
| 56 | Christina Smith | YCDC Medical Staff | RN | YCDC |

5 of 28

2-A

| | | | |
|---|---|---|---|
| 57. Michael Sullivan | YCDC Medical Staff | RN | YCDC |
| 58. J. Gordon #D-47 | DO | DO | YCDC |
| 59. SDO Cabello #D-145 | SDO | SDO | YCDC |
| 60. DO Gomez #D-47 | DO | DO | YCDC |
| 61. Co Hand #D-65 | DO | DO | YCDC |
| 62. DO Knight #D-138 | DO | DO | YCDC |
| 63. DO Padilla #D-79 | DO | DO | YCDC |
| 64. O. Ramirez #D-209 | DO | DO | YCDC |
| 65. SDO Reveles #D-91 | SDO | SDO | YCDC |
| 66. E. Cabrera #D-23 | DO | DO | YCDC |
| 67. DO Castillo #D-154 | DO | DO | YCDC |
| 68. DO Covarrubias #D-175 | DO | DO | YCDC |
| 69. DO Delgado #D-141 | DO | DO | YCDC |
| 70. DO Del Valle #D-31 | DO | DO | YCDC |
| 71. DO Jamillo #D-116 | DO | DO | YCDC |
| 72. DO Lozano #D-103 | DO | DO | YCDC |
| 73. DO Mearz #D-117 | DO | DO | YCDC |
| 74. G. Monyer #D-169 | DO | DO | YCDC |
| 75. DO Montecon #D-135 | DO | DO | YCDC |
| 76. DO Munoz #D-54 | DO | SDO | YCDC |
| 77. DO Perez #D-163 | DO | DO | YCDC |
| 78. DO Pulido #D-202 | DO | DO | YCDC |
| 79. DO Rodriguez #D-86 | DO | DO | YCDC |
| 80. DO Rodriguez #D-181 | DO | DO | YCDC |
| 81. DO Russom #D-90 | DO | DO | YCDC |
| 82. SDO Tizcareno #D-60 | SDO | SDO | YCDC |
| 83. DO Vargas #D-165 | DO | DO | YCDC |
| 84. Deputy Webb #D-34 | DO | DO | YCDC |
| 85. A. Zavala #D-58 | DO | DO | YCDC |

86. Trinity Services Group Incorporated (TSG), YCDC Contract Food Services Vendor/Provider, — , Florida, USA

87. Laura Donnelly , TSG Employee , Western Region Dietitian, TSG Corporations

88. "DOES 1-50" / YCDC staff/Contract Employee(s) , YCDC / TSG corporations

## C. PREVIOUS LAWSUITS (continued)

d. DaJuan Williams vs Ernesto Trujillo, et al., CV18-3239-Phx-SPL (CDB) s Pendings

e. DaJuan Williams vs Sgt. Wright #11309, et al., CV19-5096-Phx-MTL (CDB) s Pendings

f. DaJuan Williams vs David Shinn, et al. , CV21-2151-Phx-MTL (CDB) s Pendings

g. DaJuan Williams vs County of Yuma, et al., CV22-00154-Phx-MTL (CDB) s Pendings

## D.   CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: *14th Amendment Violations*

2. **Count I.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities   ☐ Mail   ☐ Access to the court   ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: *Conditions of Confinement – FI-SMU Unit*

3. **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

The County of Yuma, by and through the YCDC, has a custom policy or practice of punishing pretrial detainees and/or of housing (inmates) ___ in due cruel and unusual conditions of confinement in violation of the 14th and 5th Amendments. The FI-Special Management Unit ("FI") is a "special management - punishment unit," and is not a disciplinary segregation housing/detention unit, where the Jail houses all types of inmates for all types of reasons including, inter alia, intake, disciplinary, security, "suicide watch," "seriously mentally ill" (SMI), and "over flow." FI unit is an aggressively restrictive isolation unit and placement in FI is completely arbitrary and discriminatory and determined by the willful, spiteful, and malicious desires of the Jail's Administration and Supervisory staff to punish and abuse inmates who offend staff and/or the Administration, and all placement in the FI unit is indefinite. There are no written policies that mention "FI" or "SMU" and/or that prescribe the "purpose" of the FI unit and the criteria, or any process due, for placement and removal to/at of the FI unit, or prescribing the rules, regulations and procedures of the FI unit which frequently results in the continuous and arbitrary changing of the rules and procedures of the unit from supervisor to supervisor, personality to personality. All cells in the FI unit are single man cells.

The cells in FI are 4 solid walls irregularly shaped and measuring approximately 7x9 feet at its maximum points, and 5x6 at its smallest points, with a solid steel door containing a mesh covered window of perforated steel enclosed in filthy, dirty, scratched up plexiglass, which prevents inmates from being able to see out of the cell door window; no other cell doors in the Jail are designed like the FI cell doors. There is an elongated window *(continues on the following page)*

4. **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

I hereby incorporate all statements of fact and injuries as stated above, herein and/or alleged in any related, joined or consolidated Counts. Since returning to the prison, I have been placed on "Vitamin D3, 2,000 unit cap" by the prison's medical provider due to sever vitamin D deficiencies discovered in my blood work – "labs."

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count I?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   *N/A*

( Count 1 continues )

on the Back wall of the cell facing the outside world which is approximately 3 inches wide and runs nearly from the bunk area to the ceiling however, these windows have been painted over and/or covered up with "Biodim screens" to prevent any natural sunlight from sinking into the cells and/or to prevent I/ms from being able to see out of the windows. While the cell technically contains two windows, the inability to see out of either window of the cell creates a "cave like" or "deep well" environment of stone walls. The cell contains a raised concrete slab area on which to lay a Jail issued mattress and a combination sink/toilet unit - with cold water only (I/ms in F1 are prohibited use of hot water) and no mechanism for flushing the toilet as the toilets in the F1 unit can only be flushed by, and at the discretion of, Jail staff and, a light fixture directly above the bunk area which stays on 24 hours a day. There are no table surface area or sitting stools in the F1 unit cells.

In the F1 unit, all out of cell movement is in handcuff restraints behind the back and leg iron restraints on the ankles and all I/ms in the unit are on "two [or more] man" status which means all movement requires the presence of at least two DO's. I/ms in F1 are required to submit to "cavity strip search procedures" before any and all movement which requires I/ms to, inter alia, strip naked and "bend at your waist and spread your butt cheeks and cough or now squat down and spread your butt cheeks and cough or and bend at the waist again and spread your cheeks and cough or " every time they leave their cells to go to the shower, medical, visitation, court, etc. and, I/ms cells are "tossed" or searched every time they exit the cell for any reason. Only I/ms in the Jail's F1 unit are subjected to this treatment and procedures.

I/ms in the F1 unit are confined to their cells 24 hours a day, 7 days a week. I/ms are not afforded any "dayroom" or other "out of cell time" (meaning time out of the cell unrestrained with free range of the unit for a specified amount of time on a scheduled or routine basis) and are not afforded any outdoor rec and/or exercise.

I/ms in the F1 unit cannot have any property in their cells except for one item at a time on a "one for one" exchange basis. I/ms are only allowed one blanket and no other bedding and are not allowed to have a towel or any soap or hygiene in their cells. I/ms are prohibited from buying, using, or possessing any commissary food or hygiene items while in the F1 unit to include, inter alia, shampoo, conditioner, hair care products, deodorant, lotion, chap-stick, etc; and are only afforded use of "state issued" or Jail

8 of 28

( Count 1 continues )

Based hygiene which mostly consist of individual single packets of generic toothpaste and an all plastic "finger toothbrush" that you stick on the tip of your finger and then stick your finger in your mouth to brush your teeth (this causes significant bleeding and damage to your gums while doing little in the way of actually cleaning your teeth), and some "gas station bathroom" (non-antibacterial) liquid hand soap which squirted into your hands by Jail staff when you take a shower. I/ms in F1 are only allowed to shower twice a week and are prevented from being able to bathe, "wash up", or take "bird baths" in their cell sinks as they are prohibited from having a towel, soap, or any "cleaning supplies" in their cells. The water in the cell sink, as well as the water in the showers, is ice-cold as punishment and to prevent and discourage I/ms from showering or trying to bathe in their cells.

In the F1 unit, all meals are fed on styrofoam trays and the food is often served well cold. I/ms in F1 are routinely fed smaller portions and/or different food items than other I/ms in the Jail and often receive the worst portions or messed up/worse cooked food from the kitchens. Because F1 I/ms are prohibited all commissary items, I/ms are completely reliant on the Jail for their dietary sustenance and have no other option but to eat the meals fed by the Jail and no means of supplementing any food withheld from them. I/ms in F1 are regulated to the use of "paper spoons" (a 3" laminated piece of triangular paper) as the only means of a eating utensil and Jail staff often claim to be "out" of the paper spoons and give I/ms styrofoam cups as an alternative, telling I/ms to tear a piece off of the cup and use that as a spoon; either option results in most I/ms being forced to eat their meals with their fingers.

I/ms in the F1 unit are denied reasonable and adequate medical care and treatment. The Jail Administration and supervisory staff dictate I/ms medical care and treatment in the unit and often deny I/ms needed treatment or medically approved items. Medical staff defers to the Jail's non-medical staff for I/ms medical care and treatment in the F1 unit.

I/ms in the F1 unit are only allowed one 15 minute phone call per day, personal or legal or, one 15 minute period on the Jail's electronic kiosk device. I/ms in F1 are prohibited use of the Jail's electronic tablets which affords I/ms access to face to face visitation, and e-mail services with family and friends as well as, video games, music, and Jail services and functions such as grievances/requests/commissary/programs, etc. All other I/ms in the Jail have unlimited access to the telephones and the

( Count 1 continues )

Jail's electronic Kiosk and tablet devices from 8am to 8:45 pm, 7 days a week, which includes unlimited phone calls, e-mails, and video visitation; while I/ms in the F1 unit technically have access to visitation through the Jail's Kiosk device; the Jail's Kiosk is an oversized machine that is wheeled to the door of the cell, and which I/ms access through the food trap on the door however, due to the very short phone cords on the Kiosks, which causes you to have to bend over or squat down to talk and hear on, impeding your visual contact and, the design of and conditions of the cell-door windows in the F1 unit, — "face to face" visitation in F1 is not possible and neither is the "visitation" afforded practical or reasonable where visitors are charged a fee for video visits even when they do not actually get to "see" you. The YCDC does not permit "in person" personal (non-legal) visitation and there are no other visitation options for I/ms in F1. I/ms in F1 are also restricted to the use of "Rubber Pencils" as their only means of a writing utensil which makes legible or practical letter writing difficult and onerous and generally discourages I/ms from writing letters to family and friends.

The F1 unit is also the only unit in the whole Jail that does not have a TV/s in the units.

On or about April 17, 2020, I was placed into the F1 unit for "intake" where I remained housed for 12 days before I was moved to the F2-SMU2 unit next door on April 29, 2020. At the time, it was my belief that the F1 unit was a temporary intake unit and I was not aware that it was an "SMU"

On or about June 26, 2020, I was placed back into the F1-SMU1 with no written notice or explanation explaining my placement and I was not given any type of hearing or opportunity to challenge or state my views against placement in the F1 unit. ~~I remained placed in the F1 unit for 20 months~~ As punishment by the YCDC Administration. There were no real or meaningful reviews of my placement in the F1 unit and I was never allowed to participate in any manner in any alleged or imagined Review(s); and I was never allowed to formally appeal or meaningfully challenge my placement, or continued Placement, in the F1 unit. I remained placed in the F1 unit until my release from YCDC custody on February 3, 2022.

For 20 months, I was confined to my cell 24 hours a day, 7 days a week; I was deprived of all social and environmental stimulation and subjected to prolonged sensory deprivations, and deprived of all human contact and other basic human necessities such as proper hygiene and hair care products,

(Count 1 continues)

hot water and adequate showering and/or meaningful opportunities to wash or bathe my face, body, and hair in a civilized manner to maintain health and common decency where I was confined in a unit that constantly reeked of shit and piss due to the SMI and/or "suicide watch" I/ms constantly housed in the unit defecating and urinating in the showers and/or smearing feces all over themselves or their cells and/or ~~being~~ Refusing to ~~[strikethrough]~~ request to have there toilets ~~[strikethrough]~~ flushed after use and, where I was unable to flush my own toilet, or to wash my hands, after use and was forced to sit in my cell smelling and wallowing in the stench of my own bodily waste awaiting the disposition of jail staff to get my toilet flushed; and where I was constantly and recklessly placed at risk of exposure to the COVID-19 virus due to the jail's policy of housing intake I/ms in the F1 unit for several days before, or until, they took/passed a COVID-19 test while at the same time depriving me of reasonable safeguards and ~~pro~~ preventative hygienic measures — directly resulting in my catching and suffering the COVID virus myself; and meaningful, adequate, and/or uninterrupted sleep where SMI and/or "suicide watch," or other I/ms constantly housed in the F1 unit were constantly yelling, screaming, and/or banging on there cell doors, walls, sinks and toilets all hours of day and night and, where the light in my cell remained on 24 hours a day and, where I was deprived of proper clothing and bedding to protect myself in my cell which remained extremely cold all year round; and a complete ~~[strikethrough]~~ denial of outdoor ~~exercise~~ and/or any "dayroom" or out of cell time and "in-door" exercise time where jail policies explicitly prohibited I/ms from exercising in their individual cells or the jail's dayroom areas; and a consistently adequate and/or equal diet and proper meals to maintain health where I was constantly suffering from hunger pains and loss over 30 pounds; and reasonable and adequate medical care and treatment where I was denied "soft (leg) restraints" to allow the open cuts and wounds on my ankles a chance to heal resulting in my ankles being cut up, and my wounds consistently being re-opened by leg iron shackles, for 4 months causing me unreasonable and unnecessary pain and suffering and, deprived of my medically necessary and approved back brace or back support belt, and/or a mattress or other reasonable and meaningful treatment for my Degenerative Joint Disorder (DJD) spinal condition, and/or depriving me of medically necessary and Dr prescribed pain medications to assist with my pain management or of a reasonable means

11 of 28

( Count 1 continues )

of taking my pain medications without being forced to injure or hurt myself, causing me unnecessary and unreasonable pain and suffering for 20 months and, deprived hair grease and hair conditioner for my scalp condition causing me to suffer itching, scratching, bleeding, sores and scabs, and hair loss, and unreasonable and unnecessary pain and suffering for 20 months, and/or subjecting me to unreasonable delays in medical treatment and assistance, and/or denied me reasonable or meaningful medical assistance when I caught COVID; all causing me prolonged, unnecessary, and wanton and sadistic pain and suffering both mentally and physically;

Prolonged exposure to these conditions has caused me severe anxiety, stress, depression, and panic attacks and to suffer memory loss and disorientation and to have problems controlling my anger, thoughts and emotions — causing me to lash out in anger, frustration, and hopelessness and to become violent and combative with officers and others; and caused me physical and mental injury to my back, my legs - ankles, my shoulder, my head - scalp and hair, my mental health and my body and, to suffer unnecessary and wanton pain in my stomach, back, ankles, and head/scalp conditions; As a result, I was compelled to seek mental health treatment and assistance while in YCDC and I have had to continue receiving mental health treatment and assistance from a professional since returning to the prison;

— Defendant County of Yuma; Defendant Leon N. Wilmot is the Sheriff of Yuma County and as such, he has ultimate authority and responsibility for the promulgating and implementation of YCDC policies, procedures, customs and practices and the overall management of the YCDC;

— Defendants Captain Kelly D. Milner; Ltr Michael Copper #D-6; Ltr Duarte #D-5; Ltr gomez #D-3; Ltr guerrero #D-4; and Ltr Oberosler are/were directly responsible for my placement and/or continued placement in the FI-SMU 1 and for the policies and procedures therein;

— Defendants Sgt. Martha Dominguez #D-61 B/was the sergeant over the Classification unit; and Sgt. Ramon Rendon #D-24; Sgt. Ts Ruelle #D-25; and SDO William Valdez #D-101 are, and/or were, supervisors in the classification unit and all are persons whom I had multiple face-to-face and/or written communications with concerning the conditions of, and my placement and/or continued placement in, the FI-SMU 1

12 of 28

( Count 1 continues )

and the violations of my constitutional rights therein.

- Defendants DO M. Arribo #D-180, DO M. Figueroa #D-48, DO Fonseca #D-85, DO Jorge Macias #D-158, DO Mesa #D-112, DO Perez-Sarmiento #D-170, DO Christopher Quintero #D-68, and DO Sanchez (Classification officer Apr./May 2020) are, and/or were, classification officers that I had face-to-face and/or written communications with concerning the conditions of, and my placement and/or continued placement in, the F1-SMU 1 and the violations of my constitutional rights therein.

- Defendants Sgt. Martha Dominguez, Sgt. Eldee Harper, Jr. #D-11, Sgt. J. Hernandez #D-20, Sgt. Murray #D-92, SPO D. Perez #D-75, Sgt. Ramon Rendon, Sgt. J. Ruelle, SPO Russom #D-80, Sgt. Saldana #D-130, Sgt. Sanchez #D-16, Sgt. A. Serna #D-28, Sgt. C. Silva #D-29, Sgt. Villarreal #D-17, Sgt. W. Walker #D-24, and Sgt. Yanez #D-30 are, and/or were, supervisors present at all times relevant and were personally and directly responsible for the procedures and the day-to-day operations of the F1-SMU 1 and all of my access, movements, meal services, cell contents, activities, and security and are all persons whom knew, or should have known, that their actions and/or the procedures and practices and conditions of the F1 unit violated my constitutional rights.

- Defendants Bianca Acosta, LPN, Nurse Bermudez, LPN, Carol Boggs, RN, Dr. Vernon Chavez, MD, Cyndy Cowan, LPN, Tina Cox, LPN, Alexis Esquivel, RN, Provider Adrian J. Estrada, NP, Leah Ewing, RN, Melissa Galat, LPN, Nurse Magallon, LPN, McFarland, Nya Sewuan, RN, Nurse Rios, RN, Lauri Sanders, RN, Stephanie Seibel, LPN, Christina Smith, RN, Michael Sullivan, RN, Kimberly Vargas, RN, and Chara Wilson, RN, are, and/or were, YCDC Medical Staff whom personally denied and/or failed to provide me timely, or reasonable medical care and treatment while I was housed in the F1-SMU 1.

- Defendant Wendy Lugo, BHC-B/was the mental health professional that I was seeing and speaking to on a consistent basis, from July 2020 to September 2021, concerning the conditions I was being confined in and the violations of my constitutional rights and the physical and psychological injuries and pain that I was suffering to my mind, body, and person as a result of the conditions of my F1-SMU1 placement.

13 of 28

( Count 1 continues )

- At all times Relevant, the County of Yuma, and all Defendants so named above, and "DOES 1-50" acting under color of state law, violated my 14th and 8th Amendment Constitutional Rights, as a pretrial Detainee to be free of cruel and unusual punishments and unconstitutional conditions of confinement when they subjected, and continued to subject me to the conditions and treatments stated above and/or, authorized, ordered, approved, or condoned and/or, personally committed, any one of all of the conditions and acts/actions as stated above for 20 months, and/or failed to Intervene or Remedy or to provide any Relief for any one or all of the violations of my constitutional Rights as stated above herein.

14 of 28

## COUNT II

1. State the constitutional or other federal civil right that was violated: _14th Amendment Violation_

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities   ☐ Mail   ☐ Access to the court   ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _Due process - F1-SMU1 Placement_.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

I hereby incorporate all statements of facts as stated above in count 1, and/or alleged in any Related, Joined, or consolidated counts, as if stated herein.

The County of Yuma, by and through the YCDC, has a custom policy or practice of punishing pretrial detainees and/or housing them under cruel and unusual conditions of confinement in violation of the 14th and 8th Amendments, imposing an atypical and significant hardship and depriving them of due process and other constitutional protections.

The F2-SMU2 is an exact replica of the F1-SMU1, with the exception of the cell-doors which have two clear security glass windows which Ims can see, and watch the unit-TV, but of All of the security procedures and conditions in the F2 unit are a reflection of the security procedures and conditions of the F1 unit with the following exceptions: Ims in the F2 unit can shower daily, buy and use commissary hygiene, have a towel, sheet and blanket, and their property, in their cells and, have unrestricted access to use of the Jail's phones, Kiosk, and tablet devices and are afforded the opportunity to watch the unit-TV and — can flush their own toilets after use. There is no "down-grade" in security or classification levels from the F1-SMU1 to the F2-SMU2 & the sole determination between placement in one unit over the other is that the F1-SMU1 is for "punishment." Both units are considered Maximum/high risk custody.

In all other segregation/isolation units in the Jail, to include, the F3, F4, g1, g2, g3, g4, and E2 units (which houses Ims for everything from intake, high risk or maximum custody, security issues, disciplinary, medical, protected custody, sex offenders, "suicide watch," SMI, etc.) & no Ims are on "two man" status and all in unit movement is without any handcuff or Leg restraints and Ims are not stripped searched for any and all movement. Ims can shower daily, Ims are issued towels, sheets and blankets and, can order and eat/use all commissary food and hygiene items, to include "Real toothBrushes" and standard

(continues on the following page)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

I hereby incorporate all statements of fact and injuries as stated above in Count 1, and/or alleged in any Related, Joined, or consolidated counts, as if stated herein.

I was placed indefinitely into the Jail's F1-SMU1 punishment unit for 20 months, imposing an atypical and significant hardship upon my person, without due process and/or meaningful review(s) in violation of my 14th Amendment constitutional rights.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _N/A_

4

( Count 2 continues )

wooden #2 pencils and, can have all of their property in their cells; I/ms are fed hot or warm food on large "Rubber" or hard plastic trays and are given plastic spoons to eat meals with; phone/kiosk/tablet access are unrestricted, and all units have a TV and all I/ms can flush their own toilets after use. However, all I/ms in all segregation/Isolation units in YCDC, regardless of custody or reason(s) for placement, are locked down and confined to their cells 24 hours a day, 7 days a week and receive no "day room" or other out of cell time and are afforded little to no outdoor rec. and exercise opportunities. ALL segregation/Isolation units are single man cells.

The F4 segregation unit is the one exception. F4 is the only segregation unit in the Jail in which I/ms are afforded human contact via "day room" time. I/ms in the F4 unit generally have all of the same privileges as all of the other "non-SMU" segregation/isolation units with the exception that I/ms in the F4 unit come out of their cells, usually in groups of 1 to 4 I/ms at a time, for 1 to 2 hours of dayroom time daily where they can interact and congregate, play board games or cards, and watch TVs or have meals together. They can take as many showers as they want during dayroom time. I/ms in F4 are also, theoretically, afforded outdoor rec and exercise time, where they are taken out, in groups of 3 or 4 I/ms, to a large enclosed outdoor rec area with a Basketball court and workout/exercise equipment for 30 minutes once a week or once a month. I/ms on the F4 unit also receive coffee with their Breakfast meals and are given cans of soda on Thurs., Fris, and Sats with their dinner meals. No other segregation/Isolation units receive these privileges.

In the Jail's general population (gp) units; ALL I/ms are allowed out of their cells or living areas for up to 8 to 12 hours per day and are afforded the full range of all incentives and privileges offered by the Jail, including access to group programming and group religious service, without restrictions. gp I/ms are also given priority to what little outdoor rec and exercise that is offered by the YCDC.

On or about June 26, 2020, I was placed into the F1-SMU1 unit with no written or verbal notice or explanation explaining my placement and I was not given any type of hearing or opportunity to challenge or state my views against placement, Before or after placement and, I was never allowed to appeal the decision to place me in the F1 unit. There were no real or meaningful Reviews of my placement, or continued placement, in the F1 unit and I never received any notice of any Reviews or any opportunity to participate in any Reviews in any manner and I never received any notice of the results of any Reviews. I remained placed in the F1-SMU1 for 20 months until my release from YCDC custody.

16 of 28

( Count 2 continues )

At all times Relevant, Defendant County of Yuma and the Sheriff of Yuma County, Defendant Leon N. Wilmot and YCDC officers, Defendants Captain Kelly D. Milner, Lts. Michael Cooper, Lt. Duarte, Lt. gomez, Lt. guerrero, Lt. Oberosler, DO Mr Arambo, Sgt. Martha Dominguez, DO M. Figueroa, DO Fonseca, DO Jorge Macias, DO Meza, DO Perez-Sarmiento, DO Christopher Quintero, Sgt. Ramon Rendon, Sgt. T. Ruelle, DO Sanchez (Classification officer April/May 2020), and SRO William Valdez, and "DOES 1-50" acting under color of State law, violated my 14th Amendment Rights as a pretrial detainee to be free of cruel and unusual punishments and unconstitutional conditions of confinement and/or my Rights of due process when he/she/they committed any one or all of the acts - causing any one or all of the injuries, as stated herein and above in Count 1, and/or alleged in any Related, Joined, or consolidated counts

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _14th Amendment Violations_

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☒ Other: _Equal Protection – "Class of One"_ .

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

I hereby incorporate all statements of fact as stated above in Counts 1 and 2 and alleged in any related, joined, or consolidated counts as if stated herein.

Inmates Luis Juarez, Christopher Mendoza, Luis Sanchez, and Daniel Harris were similarly situated I/m's in the YCDC at all times relevant and all had like or similar charges, disciplinary, and conduct as myself and had been placed into the Jail's FI-SMU1 on different occasions. Neither I/m was ever forcefully injected with psychotropic drugs against their will and without due process, or placed on "Zero Phens Status" for the length of time, and to the extent that I was, or remained placed in the FI-SMU1 in excess of 21 days. Nor, to my knowledge, has any other I/m ever been subjected to the same treatment and conditions that I was in YCDC's as punishment for having the audacity to disagree with the unlawful operations and unconstitutional conditions of the YCDC and the will and knowledge to challenge the status quo — I filed over 200 grievances and appeals while housed in YCDC, and/or for having the nerve to speak up and out about the deplorable treatment of I/m's and the foul culture of oppression and degradation that is the YCDC, with sadistic and malicious intent, Lts Cooper and Captain Milner, followed by Lts Duarte, Gomez, Guerrero, and Obregon, made it a personal vendetta and goal to cause me as much pain and suffering and psychological damage as they could while I was housed in the YCDC in an attempt to "break" me physically, mentally, and spiritually as punishment and to serve as an example to any whom would dare challenge their oppressive, authoritarian, dictatorial, and lawless rules

▬▶ At all times relevant, YCDC officers, Defendants Lts Michael Cooper, Captain Kelly D. Milner, Lts Duarte, Lts Gomez, Lts Guerrero
(Continues on the following page)

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).
I hereby incorporate all statements of fact and injuries as stated above in counts 1 and 2, and alleged in any related, joined, or consolidated counts, as if stated herein.
I was stripped and deprived of all of my 14th Amendment rights and protections without just cause or legitimate penological interests.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b.   Did you submit a request for administrative relief on Count III? ☒ Yes ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level? ☒ Yes ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _N/A_

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

(Count 3 continues)

and Lt. OBEROSLER and "DOES 1-50", acting under color of State Law, violated my 14th Amendment Constitutional Rights to equal treatment and equal protections under the law as a "class of one" when he/she/they singled me out and discriminated against me and/or selectively punished me by placing me in, and/or sadistically and maliciously maintaining my continued placement in, the F1-SMU1 for 20 months as a means of physical and psychological torture and punishment when no written rules or regulations prescribed such treatment; and/or sadistically and maliciously ordered or authorized the forced injections of my person with psychotropic drugs against my will when I was not mentally ill or suffering from any mental disorder and without due process; and/or sadistically and maliciously ordered or authorized my placement on extreme forms of "zero items status," that included, among other things, withholding my mattress and bedding and all of my legal mail and restricting me of any and all forms of communicating with the outside world, legal counsel, or the courts, for extended periods of time; when no other Iims in the YCDC have been/were being subjected to the same treatment and/or conditions for the same, or similar, lengths of time or, for any reason or length of time;

# Count Four

1. 4th Amendment Violations

2. Unreasonable Searches & Seizures

3. Supporting Facts

I hereby incorporate all statements of facts as stated above in counts 1-3, and alleged in any related, joined, or consolidated counts, as if stated herein.

The County of Yuma, by and through the YCDC, has a custom policy or practice of punishing pretrial detainees, and/or housing I/Ms under other and unusual conditions of confinement, by arbitrarily subjecting select I/Ms to excessive, unnecessary, and unreasonable fully in clothe body and cavity searches or "strip searches" as a means of punishment, harassment, embarrassment and psychological-abuse in violation of the 4th Amendment of the constitution.

YCDC employs a policy subjecting all pretrial detainees housed in the jail's F1-SMU 1 and F2-SMU 2 units only to strip searches for any and all movement regardless of custody level or reasons for placement into the SMU unit(s). Procedures mandate that I/Ms strip fully naked, handing all clothing to ctrl. staff, I/Ms are required to run their fingers through their mouths and lips, then to run their fingers through their hair and/or to "take down" their hair, then to first lift up their penis, allowing the nuts sack to be inspected and then, to "lift up" the nuts sack itself, then to turn around and bend over at the waist and to spread their butt cheeks apart, exposing their anus, and then to "cough" two times and then, to squat down, again spreading their butt cheeks, and to cough twice more and then to bend at the waist once again repeating the same procedure. before being handed their clothing and being allowed to dress. I/Ms in the SMU units must submit to this procedure before going and coming from the shower, the medical unit, visitation (non-contact and strut-contact), court, any type of recreation or other programs, or before coming out of their cells for any reason; any I/M who refuses to submit to this procedure or who fails to comply with directives, will be denied whatever the cause for the movement including, medical treatment, legal visits, etc. As a result of these policies and procedures, I/Ms in the SMU units are sometimes subjected to these procedures 3, 4, 5, 6 times a day.

No other I/Ms in the jail are subjected to this treatment, in spite of the fact that the SMU units are isolation units where I/Ms have no physical contact with each other or any other I/Ms in the jail and all movement requires full restraints handcuffed behind the back and the presence of multiple officers and SMU I/Ms are never left unattended or outside of the visual presence of officers during any out of cell movement; while all other I/Ms in the jail are allowed unrestrained movement and contact with other I/Ms and officers and are given access to the same areas

( Count 4 continues )

as SMU Inms.

At all times relevant, Defendant County of Yuma and the Sheriff of Yuma County, Defendant Sheriff Leon Wilmot and YCDC officers, Defendants Captain Kelly Dr. Manuel, Lts Michael Cooper, Lts Duarte, Lts Gomez, and Lts Guerrero, acting under color of state law, violated my 4th Amendment Constitutional rights when he/she/they failed to train or hire and/or, created, implemented, promoted, encouraged, or condoned the custom, polices, practices, and procedures of subjecting all Inms housed in the Jail's F1-SMU1 and F2-SMU2 unds, only, to excessive, unnecessary, and unreasonable fully unclothe body and cavity searches or "strip searches" for any and all movement as a means to punish, harass, embarrass, and psychologically abuse Inms, causing myself, and all like and similarly situated Inms, to be stripped of my/our constitutional protections to be free of unreasonable searches and seizures, and/or depriving me of due process and my rights to bodily privacy and integrity, and/or my rights to be free of cruel and unusual punishments, without legitimate penological interest.

At all times relevant, YCDC officers, Defendants DO J. Borbon #D-41, SDO Caudillo #D-145, DO Fonseca, DO Gomez #D-41, DO Colland #D-65, Sgt. Eldec Harper Jr., Sgt. J. Hernandez, DO Knight #D-138, DO Padilla #D-29, DO Ramirez #D-202, SDO Robison, and Sgt. Yanez, and "DOES 1-50", acting under color of state law, violated my 4th Amendment Constitutional rights when he/she/they, as a "general policy" and without legitimate penological interest or reasonable cause, personally subjected me to fully unclothe body and cavity searches as a means of punishment while housed in the F1-SMU1.

## 4. INJURY

I was stripped and deprived of my constitutional protections, causing me undue embarrassment, humiliation, stress, and anxiety and, feelings of unworthiness and sub humanistic thoughs at being treated like an animal or a lesser human being with no rights feelings or entitlements of self-respect and common decency.

## 5. Administrative Remedies:

a. Yes,    b. Yes,    c. Yes,    d. N/A

21 of 28

# Count 5ive

1. 14th Amendment Violations

2. Conditions of Confinement - Complete Denial of Exercise

3. Supporting Facts

I hereby incorporate all statements of fact as stated above in counts 1-4, and alleged in any related, joined, or consolidated counts, as if stated herein.

The County of Yuma, by and through the YCDC, has a custom policy or practices of subjecting all I/ms housed in the Jails isolation/segregation units to a complete denial of outdoor Recreation (Rec) and exercise, and/or denial of meaningful and adequate Rec and exercise opportunities to maintain physical and mental health in violation of the 14th and 8th Amendment of the Constitution. What "passes" for outdoor exercise in the YCDC for I/ms in segregation/Isolation units is what is known around the Jail as "special Rec." Special Rec is seldom and/or sporadically offered and even though a daily "Rec schedule" is generally posted in certain units (there is no scheduled Rec for the F1-SMU1 and the F2-SMU2 units) I/ms are rarely able to actually receive the scheduled special Rec when requested as there is only one "special Rec" enclosure, I/ms are often told that the Jail is in "secure mode" (meaning no movement) or that someone is already in the Rec pen or that Rec has been cancelled, etc., and, if I/ms are able to actually obtain special Rec; special Rec is conducted in an irregularly shaped holding enclosure measuring approximately 6 to 10 feet wide at its shortest and widest points and approximately 12 to 18 feet long at its shortest and longest points, with a steel cage welded and bolted on top of the enclosure at a height of approximately 25 to 30 feet; the height of the walls (approximately 35 feet) prevents any sunlight from shining into the enclosure other than when the sun is directly overhead, leaving a very small window and limited opportunity for "sunlight" exposure while out at Rec. Special Rec consists of an isolated 30 minute period in the enclosure as only a single I/m is placed into the enclosure at a time and any attempts to try to communicate with any other person will result in the immediate cancellation of your Rec period, and all I/ms must remain "fully restrained" in belly chain handcuffs and Leg iron shackles for the duration of the special Rec period. This prevents I/ms from engaging in any type of exercise while at special Rec, literally, the only activity available at special Rec is "walking around in circles" however, because I/ms are restrained in Leg iron shackles on their ankles - walking in circles causes I/ms ankles to become raw, or cut and sliced up, resulting in significant, and unnecessary, injury, pain and suffering. I was housed in the Jails F1-SMU1 and F2-SMU2 Isolation units for a total of 22 months, despite having filed at least 10 grievances and appeals and multiple medical request, and having had numerous conversations with Jail supervisory,

22 of 28

( Count 5 continues )

and medical staff, ∞ Requesting Rec and exercise and/or Requesting meaningful exercise and medical assistance ; I Received approximately 27 total hours of outdoor Rec and zero hours of exercise over 626 days ; 90 weeks ; and 15,024 hours of Isolation and confinement in the YCDC ; Although I have "Rounded up" to an hour per session, I Received "Special Rec" for approximately 30 to 40 minutes on the following days ; 4-23-20 ; 5-3-20 ; 5-4-20 ; 5-9-20 ; 5-10-20 ; 5-11-20 ; 5-12-20 ; 5-17-20 (once on AM shift and once on PM shift) ; 5-23-20 ; 5-24-20 ; 6-7-20 ; 6-8-20 ; 6-15-20 ; 6-21-20 ; 6-26-20 ; 16-15-20 ; 10-24-20 ; 10-31-20 ; 11-5-20 ; 11-13-20 ; 1-12-21 ; 2-9-21 ; 3-6-21 ; 3-16-21 ; 3-22-21 ; and 6-26-21 ;

■ At all times Relevant, Defendant County of Yuma and the Sheriff of Yuma County, Defendant Sheriff Leon N. Wilmot and YCDC officers, Defendants Captain Kelly D. Milner , Lts Michael cooper , Lts Duarte , Lts gomez , Lts guerrero, and Lts Oberosler , acting under color of state Law , violated my 14th Amendment Constitutional Rights when he/she/they failed to train or hire and/or, created, implemented, promoted, encouraged or condoned the customs, polices, practices, and procedures of Subjecting YCDC I/ms to a complete denial of outdoor, and/or indoors, Recreation and exercise ; depriving myself, and Lue and similarly situated I/ms, of adequate and meaningful exercise to maintain physical and mental health in violation of my 14th and 8th amendment Rights.

■ At all times Relevant, YCDC officers, Defendants DO Mr Arviso , DO Mr Figueroa , Sgt Eldee Harper Jr , Sgt. Jr Hernandez , Sgt Murray, SPO D perez , Sgt. Ramon Rendon, SPO Reveles # D-91, Sgt Js fuerte , SPO Russom, Sgt. Saldana, DO Sanchez (Classification officer April/May 2020), Sgt. Sanchez, Sgt. Serrano, Sgt. C. Silva, SPO William Valdez , Sgt W. Walker, Sgt. Yanez, and YCDC Medical Staff, Defendant Wendy Lugo, BHC, and "DOES 1-50," acting under color of State Law, violated my 14th Amendment Constitutional Rights when he/she/they created, implemented, promoted, encouraged or condoned the customs, polices, practices, and procedures of Subjecting YCDC I/ms to a complete denial of outdoor, and/or indoors, Recreation and exercise ; and/or personally Refused, neglected, or failed to offer and/or to provide me meaningful, adequate, or approved outdoor Rec and exercise ; and/or failed to enforce any approved outdoor Rec and exercise ; and/or failed to provide me "dayroom" time or any other means of out of cell indoors exercise ; and/or failed to intervene or Remedy or to provide any relief for the violations of my constitutional Rights to adequate and meaningful exercise to maintain physical and mental health ; Resulting in my Receiving only, approximately, 27 total hours of outdoor Rec and zero hours of exercise in over 626 days ; 90 weeks ; and 15,024 hours of Isolation and confinement — an average of 18 minutes of outdoor Rec per week or, 2.5 minutes per day.

23 of 28

( Count 5 continues )

## 4. INJURY

I hereby incorporate all Statements of fact and injuries as stated above in counts 1-4, and alleged in any related, joined, or consolidated counts, as if stated herein.

I suffered physical pain in my back and spinal condition being unable to properly stretch and exercise for prolonged periods of time, as well as muscle atrophy through my legs arms and body and, weight loss where I loss over 30 pounds. I have also since been placed on "Vitamin D3, 2000 unit cap" due to severe Vitamin D deficiencies for lack of exposure to sunlight and inadequate diet. I suffered severe mental anxiety and panic attacks, memory loss — where I often loss track of time or days. I frequently loss control of my emotions and found myself in states of depression or anger, causing me to lash out and to become combative with officers. and I was deprived of any healthy means to relieve the stress, frustration, agitation, and anxiety of my extended isolation and 24 hour a day confinement to my cell and the severe conditions of YCDC in which I was being housed.

## 5. Administrative Remedies :
a. Yes.  b. Yes.  c. Yes.  d. N/A

# Count SIX

1. 14th Amendment Violations

2. Conditions of Confinement - Inadequate Diet.

3. Supporting Facts

I hereby incorporate all statements of fact as stated above in counts 1-5, and alleged in any related, joined, or consolidated counts, as if stated herein.

The County of Yuma, by and through the YCDC, has a custom policy or practice of subjecting pretrial detainees to mental, physical, and psychological torture and abuse by, and through, withholding or selectively rationing food and sustenance as a form of punishment, and/or failing to provide a consistent and meaningful or adequate daily diet and sustenance to maintain health, and/or failing to supervise, regulate, and ensure or enforce proper food handling and preparations by YCDC contract kitchen managers and/or that I/ims are fed a proper, adequate, or consistent diet and/or, that the YCDC contract kitchen managers utilize or adhere to a [any] preapproved dietary menu, depriving myself, and similarly situated I/ims, of a consistent and adequate nutritional diet to maintain health.

I was housed in the YCDC for 22 months over which time, I filed over 100 grievances and appeals complaining about, and documenting, the food discrepancies and inadequacies of the meals being fed to me and I also wrote prisoner request forms to specific supervisors doing the same, I was also forced to withhold meal trays and to engage in other means of protest to starve off starvation and to try to have the systemic food issues addressed and I had numerous conversations with jail staff and supervisors in an attempt to do the same, and I filed multiple medical request and had multiple conversations with medical staff complaining about, and documenting, my injuries, pain, and suffering due to being fed an inconsistent, inadequate, and inedible diet for an extended period of time, because I was housed in the jail's H-SMU for 20 months, where all food commissary is prohibited, I was completely reliant upon YCDC to feed me and to provide me daily sustenance and adequate caloric and nutritional values to maintain my health and YCDC failed to do so for 22 months.

Trinity Services group Inc. ("TSg") is the contract food services vendor and provider for the County of Yuma and the YCDC and is under contract to supply the YCDC with quality food sources and supplies sufficient to feed and maintain the health of YCDC I/im populations.

Laura Donnelly is a licensed dietitian employed with the TSg as the corporations West Region Dietitian and is the person responsible for designing menus of nutritionally adequate meals to the specifications of the

( Count 6 continues )

correctional institutions, detention facilities, and other government agencies for which TSG is contracted to provide food services throughout the Western Region of the United States; this includes the State of Arizona, Yuma County, and YCDC. "DOES 1-50" are contract food services kitchen managers at the YCDC employed through TSG and are responsible for quality and safe food handling, storage, and preparations within the YCDC and, ensuring that the YCDC Inm populations receive wholesome and quality foods and meals that are consistent, sanitary, healthy, and safe and adequate to sustain and maintain health, and/or that are in compliance with any preapproved contractual menus and/or dietitian approved menus.

At all times relevant, Defendant County of Yuma and the Sheriff of Yuma County, Defendant Sheriff Leon N. Wilmot and YCDC officers, Defendants Captain Kelly D. Miller, Lts Michael Cooper, Lta Duarte, Lt gomez, and Lts guerrero, acting under color of State Law, violated my 14th and 8th Amendment constitutional rights as a pretrial detainee to be free of cruel and unusual punishments and/or unconstitutional conditions of confinement when he/she/they failed to train or hire and/or, created, implemented, ordered or enforced, promoted, encouraged or condoned the customs, policies, practices, and procedures subjecting my self to any one or all of the conditions - causing any one or all of the injuries, as stated herein and above in counts 1-5, and/or alleged in any related, stated, or consolidated Counts.

At all times relevant, YCDC officers, Defendants DO Borbon, DO E. Cabrera #D-73, DO Castillo #D-154, DO Covarrubias #D-175, DO Delgado #D-141, DO Del Valle #D-31, Sgt Martha Dominguez, DO Fonseca, DO gomez, Sgt Eldee Harper Jr, DO Jamillo #D-116, DO Lozano #D-103, DO Mearz #D-11, DO gr Monge #D-169, DO Monteon #D-135, DO Munoz #D-59, DO Perez #D-163, DO Pulido #D-202, DO Christopher Quintero, DO Rodriguez #D-86, DO Rodriguez #D-181, SDO Rodriguez #D-26, Sgt T. Ruelle, DO Russom #D-90, SDO Russom #D-80, Sgt Saldana, Sgt Sanchez, Sgt A. Serna, Sgt C. Silva, SDO Tizcareno #D-60, SDO William Valdez, DO Vargas #D-105, Sgt Villarreal, Sgt W. Walker, DO Derric Webb #D-34, Sgt Yanez, DO A. Zavala #D-58 and YCDC Medical Staff, Defendant Wendy Lugo, BHC, and "DOES 1-50," acting under color of State Law, violated my 14th and 8th Amendment constitutional rights as a pretrial detainee to be free of cruel and unusual punishments and/or unconstitutional conditions of confinement he/she/they personally ordered, approved, committed, participated in feeding me 60 sack lunches in a row and/or substituting the regularly scheduled meal(s) with a sack lunch; and/or serving me trays with missing portions or food items and/or with inadequate caloric and nutritional

26 of 28

( Court 6 continues )

valves and/or with uncooked, unsanitary, or improperly prepared food items and/or ice cold food; and/or refused to address or correct food issues or to exchange inadequate food trays, and/or to enforce or ensure compliance with preapproved food menus or schedules; and/or condoned, failed to intervene or remedy or to provide any relief for any one or all of the violations of my constitutional rights; depriving me of a consistent and sanitary, healthy, and quality diet sufficient to maintain my ⬚ physical and mental health.

▬ At all times relevant, Defendants TRinity Services group Inc., Laura Donnelly, and YCDC contract Kitchen Managers - "DOES 1-50," acting under color of state Law as contracted food services vendors and/or providers for the County of Yuma, Arizona and the YCDC, violated my 14th and 8th Amendment Constitutional Rights as a pretrial detainee to be free of cruel and unusual punishments and/or unconstitutional conditions of confinement when he/she/they failed to hire or train; and/or failed to perform or conform to, or to enforce, their contractual duties or obligations; and/or ordered, committed, participated in, condoned or failed to intervene or remedy any one or all of the acts and conditions as stated above; depriving me of a consistent and sanitary, healthy, and quality diet sufficient to maintain health.

## 4. INJURY

I hereby incorporate all statements of fact and rejoures as stated above in counts 1-5, and alleged in any related, joined, or consolidated counts, as if stated herein.

For 22 months I suffered under the conditions of an inconsistent, insufficient, and unhealthy diet where I suffered constant hunger pains and sleeplessness due to hunger, irritable and inconsistent bowl movements, significant weight loss where I loss over 30 pounds, and at times, due to uncooked or contaminated, I became sick and violently ill; and these conditions caused me to become extremely anxious and apprehensive and caused me untold stress, frustration, and anger, and caused me to become depressed with overbearing feelings of hopelessness.

## 5. Administrative Remedies:

a. Yes.    b. Yes.    c. Yes.    d. N/A

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

Defendant Sheriff Leon Alvin Wilmot is sued in his Official Capacity only as to all counts Relevant for Declaratory, and/or Injunctive, and/or Punitive Damages, and/or other equitable Reliefs as to each and every violation of my constitutional Rights By YCDC and all Defendants;

ALL Other Defendants are sued in their Individual capacities as to all counts Relevant for Nominal, and/or compensatory, and/or Physical, Psychological, Mental and Emotional Injuries Pain and suffering, and/or Punitive, Damages for a sum total of $5,000,000.00 (Five million dollars); and in their official capacities as to all counts Relevant for all prospective Reliefs as Stated above.

I Respectfully Pray that my prose prisoner complaint Be "Liberally Construed" and that this court Issue forth any other such orders and reliefs that it deems to Be fair, Just, and appropriate in the interest of Justice;

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _June 30, 2022_
DATE

_[signature]_
SIGNATURE OF PLAINTIFF

_N/A_
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

Handed to prison officials for E-file
on _June 30, 2022_

_N/A_
(Signature of attorney, if any)

_N/A_
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.